On the Merits

The sole issue presented on the merits is whether the premium due on the policy which Casualty issued to plaintiff should be based on the full payroll of the insured, McDowell, or whether it should be based on a limited payroll, as set out in a manual referred to in the policy. A resolution of that issue requires an interpretation of some of the provisions of the policy.
Plaintiff, McDowell Well Service, Inc., was engaged in the business of drilling and reworking oil wells in 1965 and 1966. It owned a drilling barge which it used in conducting its business operations in inland waters in Louisiana.
In December, 1965, Willard Barnes, president of plaintiff company, contacted Carl Hurst Agency, Inc., an insurance agency, to obtain workmen’s compensation insurance coverage. At that time Barnes made it clear to Hurst that plaintiff did not want to pay premiums in excess of those which it was paying at that time under another workmen’s compensation policy issued by a different insurer. The premiums which plaintiff was paying then were.not based on the full payroll of plaintiff company, but instead were based on a limited payroll, that is, a payroll which was limited (solely for the purpose of computing the premiums due) to a maximum of $100.00 per week, or $5200.00 per year, per employee.
Hurst contacted Gray and Company, Inc., a general agent, who made an examination of plaintiff’s records and then, as general agent for Casualty Insurance Company of California, wrote or issued a policy of insurance for and in behalf of that insurer to plaintiff. The policy was countersigned by Gray and Company, Inc., as the authorized representative of Casualty.
The policy was issued on December 7, 1965, and it provided coverage for a term .beginning on December 7, 1965, and ending on December 7, 1966. It was written on a form designated as a “Standard Workmen’s Compensation and Employer’s Liability Policy,” and in that contract the insurer, Casualty Insurance Company, agreed to pay all compensation and other benefits required of plaintiff under the Louisiana Workmen’s Compensation Laws. Attached to the policy were three endorsements providing coverage of risks compensable under the Longshoremen’s and Harbor Workers’ Compensation Act, the Outer Continental Shelf Lands Act and the Jones Act.
In Item 4, appearing on the first page of the policy, there are provisions indicating that the “Premium Basis” is the “Estimated Total Annual Remuneration.” And, the estimated total annual remuneration is listed in the policy as being $2400.00 for clerical-office employees, and $75,000.00 for all other employees. The “Total Estimated Annual Premium” is listed as being $19,-006.80.
The policy, however, contains the following additional provisions relating to the manner in which premiums are to be computed :
“When used as a premium basis, ‘remuneration’ means the entire remuneration, computed in accordance with the *651 manuals in use by the company, earned during the policy period. .
“The premium stated in the declarations is an estimated premium only. Upon termination of this policy, the earned premium shall be computed in accordance with the. rules, rates, rating plans, premiums and minimum premiums applicable to this insurance in accordance with the manuals in use by the company . . .” (Emphasis added.)
The evidence shows that the “manual in use by the company,” is one entitled “The Basic Manual of Rules, Classifications and Rates for Workmen’s Compensation and Employers’ Liability Insurance,” issued by the National Council on Compensation Insurance. This manual, issued by the National Council on a nation-wide basis, is used generally by the insurance industry throughout this country. It contains a section relating to premium rates for Louisiana Workmen’s Compensation policies. Section VI (d) of the Louisiana section of that manual provides, in part, that:
“ . . . there shall be excluded from the remuneration upon which the premium for the policy is based that part of the remuneration of each such employee which is in excess of an average weekly remuneration of $100 per week.” (Emphasis added.)
While the policy was in effect plaintiff’s secretary submitted to Hurst each month a report showing the amount of the payroll for the preceding month. The premium due on the policy for that month was computed from that payroll report, and the amount due as the premium for that month was paid. In each of these monthly reports the secretary reported a maximum of $100.00 per week, or $5200.00 per year, for each employee. Plaintiff paid the aggregate sum of $29,056.74 as premiums due on the policy.
In April, 1967, Casualty Insurance Company had an audit made of plaintiff’s payroll, which audit showed a total earned premium for the entire year of $31,682.79, with a credit of $29,056.74 paid, leaving an additional premium of $2,626.05 due by plaintiff. Defendant Hurst sent a copy of this audit to plaintiff, with a bill for the additional premium alleged to be due. In that audit the premium was computed on the basis of plaintiff’s full or entire payroll.
McDowell immediately complained that the audit was incorrect, and following that complaint its records were re-audited, based upon a limited payroll of $100.00 per week for each employee. The second audit showed a total earned premium of $22,979.-00 due, with a credit of $29,056.00 paid, leaving a return premium of $6,076.00 due the insured McDowell.
Following this second audit, defendants returned the sum of $4,397.70 to plaintiff as a partial refund of premiums. Plaintiff thereafter instituted this suit against Casualty, Gray and Hurst to recover the balance alleged to be due as a refund of the premiums which it had paid. Defendants answered, resisting plaintiff’s demands on the ground that the policy provides that premiums are to be computed on the full payroll of plaintiff, and not on a limited payroll. They contend that they erred in making a partial refund to plaintiff, and they have reconvened to recover from plaintiff the additional premiums alleged to be due by it under the policy.
The parties have stipulated that McDowell’s books and records were maintained so as to show separately by employee, and in summary by class of work, the total remuneration earned by each employee. They have agreed that if the basis of the premium is to a limited payroll, that is, a maximum of $100.00 per week for each employee, then McDowell is entitled to recover $3,133.28 from defendants. If it is determined, however, that the premium basis is the total annual remuneration, then Gray and Casualty are entitled to recover the aggregate sum of $6,708.28.
The trial judge concluded that under the provisions of the insurance contract the premium was to be computed on a limited *652 payroll basis, that is, on a limitation of $100.00 per week per employee, and that plaintiff thus is entitled to a refund of the excess premium paid by it. Judgment accordingly was rendered in favor of plaintiff and against defendants for the stipulated sum of $3,133.28.
We agree with the trial judge that under the provisions of the policy issued by Casualty to plaintiff, the premium must be computed on a limited payroll basis, that is, on a limitation of $100.00 per week per employee. We do not interpret Item 4, appearing on the first page of the policy, as providing that premiums must be based on the full payroll of the insured. The term “Total Annual Remuneration,” as used in Item 4, must be construed with the other above quoted provisions of the policy. The quoted provisions stipulate, partly by reference to a manual of rates, that the “remuneration” which serves as the premium basis is to be computed by using a limited payroll, that is, a limit of $100.00 per week per employee.
Plaintiffs introduced some parol evidence which tends to show that agents or representatives of the parties agreed orally prior to and at the time the policy was issued that the premium was to be based on a limited payroll. Defendants argue that this parol evidence should not be considered since it tends to alter the terms of the contract and there have been no allegations of fraud or error.
We have not considered these arguments relating to parol evidence, because we think the provisions of the policy alone are sufficient to support plaintiff’s demands. We believe that the parol evidence which was offered to identify the “manuals in use by the company” is admissible. It is unnecessary for us to rely on parol evidence even for that purpose, however, because the parties apparently agree that the manual in use by the company is “The Basic Manual of Rules, Classifications and Rates for Workmen’s Compensation and Employers’ Liability Insurance,” issued by the National Council on Compensation Insurance.
Defendants contend, finally, that the “manuals in use by the company” (Basic Manual of Rules, Classifications and Rates for Workmen’s Compensation and Employers’ Liability Insurance) cannot be applied here to require that the premium basis be determined by the use of a limited payroll. They argue that that manual relates only to policies providing protection against claims under the Louisiana Workmen’s Compensation Act, whereas the policy involved in this suit includes protection against claims under the Federal Maritime Law.
We have pointed out that there are three endorsements attached to the policy providing coverage under the Longshoremen’s and Harbor Workers’ Compensation Act, the Jones Act and the Outer Continental Shelf Lands Act.
The endorsement providing coverage under the Longshoremen’s and Harbor Workers’ Compensation Act contains the provision “Percentage of Increase-Non-F-Rates-100%.” The other endorsements contain no provisions relating to rates, but they do provide, in effect, that nothing in those endorsements shall vary, alter or extend any other provisions of the policy.
The evidence indicates that the work performed by plaintiff was of such a nature that exposure under the Federal Maritime Law was greater than its exposure under the Louisiana Workmen’s Compensation Act. Defendant argues, therefore, that the policy was intended primarily to cover risks against federal statutes and maritime law, and that the provisions of the “Basic Manual” on compensation insurance thus does not apply.
Regardless of the nature of the risks which are covered by the policy, the defendant insurer chose to issue to plaintiff a “Standard Workmen’s Compensation and Employer’s Liability Policy.” The premium rates provided in the policy are those specified for “Louisiana” under the above men *653 tioned “Basic Manual.” For reasons which we have already pointed out, we do not feel that Item 4, on page one of the policy, can be isolated from other provisions of the contract and interpreted as meaning that the premium is to be based on the full payroll of the insured. We think the policy provides that the premium is to be based on a "limited payroll,” and the endorsements attached to it do not provide for any other method of computing the premiums.
We agree with the trial judge that the premium due on the policy at issue here must be computed on the limited payroll basis, that is, a limit of $100.00 per week per employee.
The judgment appealed from is affirmed. The costs of this appeal are assessed to defendants-appellants.
Affirmed.